IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL BRATCHER and                                                                               PLAINTIFFS
MARY CAROLE BRATCHER

v.                                                  No. 4:04CV00023 JLH

JOHNSON & JOHNSON, *et al.*                                                                      DEFENDANTS

ST. PAUL TRAVELERS INSURANCE COMPANY                                               INTERVENOR

**OPINION AND ORDER**

On January 28, 2003, Michael Bratcher suffered an injury caused by a dual rotor machine that was owned by his employer, the Polymer Group, and used in the Polymer Group's North Little Rock facility where Bratcher worked. Statement of Material Facts ¶ 1, 2, 5, 7. Johnson & Johnson formerly owned the North Little Rock facility and the machine but sold both to the Polymer Group prior to Bratcher's employment. Resp. Br. at 4, 7. Johnson & Johnson participated in the design of the machine and contracted with various entities for its construction. Resp. Statement of Material Facts ¶ 2. As a result of the accident, Michael Bratcher has received Workers' Compensation benefits from the Polymer Group through that entity's insurance carrier. Compl. in Intervention ¶ 3. He and his wife now seek damages from various other parties, including Johnson & Johnson.

The Bratchers have moved for partial summary judgment (Docket #71). Relying solely on the pleadings, the Bratchers move for summary judgment on two affirmative defenses asserted by Johnson & Johnson: first, that the causes of action asserted in this suit are time-barred under Ark. Code Ann. § 16-56-112; and, second, that the complaint is barred by the exclusive remedy provision of the Workers' Compensation Act, Ark. Code Ann. § 11-9-105.

## I.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets its burden, the nonmoving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). A genuine issue exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

## II.

In its answer, Johnson & Johnson pled as an affirmative defense that the complaint is barred by Ark. Code Ann. § 16-56-112. Ark. Code Ann. § 16-56-112(b)(1) provides:

> No action in tort or contract, whether oral or written, sealed or unsealed, to recover damages for personal injury or wrongful death caused by any deficiency in the design, planning, supervision, or observation of construction or the construction and repairing of any improvement to real property shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or the construction and repair of the improvement more than four (4) years after substantial completion of the improvement.

Ark. Code Ann. § 16-56-112(b)(1). Section 16-56-112 is a "statute of repose." *Curry v. Thornsberry*, 354 Ark. 631, 638, 128 S.W.3d 438, 441 (2003) (citing *Rogers v. Mallory*, 328 Ark.

116, 120, 941 S.W.2d 421, 423 (1997)).  As a statute of repose, the effect of § 16-56-112 is to "'cut off entirely an injured person's right of action before it accrues,' even 'if it does not arise until after the statutory period has elapsed.'"  *Ray & Sons Masonry Contractors, Inc. v. U.S. Fidelity & Guar. Co.*, 353 Ark. 201, 220, 114 S.W.3d 189, 201 (2003) (quoting *Rogers*, 328 Ark. at 120, 941 S.W.2d at 423).

Section 16-56-112 might apply if the dual rotor machine was found to constitute an "improvement to real property."  However, no evidence in the record shows whether the dual rotor machine is or is not an "improvement to real property."  Hence, the Bratchers have not met their burden under Rule 56.  The Bratchers do not, through argument or evidence, show that they are entitled to judgment as a matter of law on this issue.  Instead, they assert only that the action is timely filed because it was filed within a three-year statute of limitations, Ark. Code Ann. § 16-116-103.  Section 16-116-103 sets forth the general statute of limitations for a product liability action.  It provides that "[a]ll product liability actions shall be commenced within three (3) years after the date on which the death, injury, or damage complained of occurs."  Section 16-56-112, however, if applicable, would bar this action even if it were otherwise timely under § 16-116-103.  *See generally*, *Ray & Sons Masonry Contractors, Inc.*, 353 Ark. at 217-20, 114 S.W.3d at 199-01 (discussing statutes of limitations in comparison to statutes of repose).  Because the Bratchers have not met their burden as the movants, the motion as it relates to this issue will be denied.

### III.

Johnson & Johnson also pled in its answer an affirmative defense that the complaint is barred by the exclusive remedy provision of the Workers' Compensation Act, Ark Code Ann. § 11-9-105.  Section 11-9-105(a) provides:

3

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

In general, the rights and remedies granted to employees under the Workers' Compensation Act are exclusive of all other rights and remedies of the employee against the employer. *Craven v. Fulton Sanitation Serv., Inc.*, Case No. 04-791, 2005 WL 852641 (Ark. Apr. 14. 2005).

It is undisputed that Johnson & Johnson was not Michael Bratcher's employer at the time of the injury and has never been his employer. According to paragraph (1) of the Bratchers's statement of material facts in support of this motion, which is admitted by Johnson & Johnson, Michael Bratcher was employed by Polymer Group on January 28, 2003.

Ark. Code Ann. § 11-9-410(a)(1)(A) provides:

> The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his or her dependents, to make a claim or maintain an action in court against any third party for the injury, but the employer or the employer's carrier shall be entitled to reasonable notice and opportunity to join in the action.

Ark. Code Ann. § 11-9-410(a)(1)(A). *See also Craven*, 2005 WL 852641 ("[A]n employee does not forfeit any right to unlimited damages in a civil trial against a third party, regardless of whether the employee has previously made a claim for compensation against the employer.").

Johnson & Johnson argues that imposition of liability against Johnson & Johnson in the circumstances in this case would be contrary to the purposes of the Workers' Compensation Act and would offend principles of public policy. That argument fails. If statutory language is unambiguous, the Court applies the plain language of the statute. *Paracelsus Healthcare Corp. v. Philips Med. Sys., Nederland, B.V.*, 384 F.3d 492, 495-96 (8th Cir. 2004); *North Ark. Med. Ctr. v. Barrett*, 962 F.2d 780, 787 (8th Cir. 1992). Here, the statutory language is unambiguous. The statute unambiguously identifies the categories of persons protected by the exclusive remedy provision: "the employer, . . . any principal, officer, director, stockholder or partner acting in his or her capacity as an employer, or prime contractor of the employer." Ark. Code Ann. § 11-9-105(a). *See also* Ark. Code Ann. § 11-9-102(10). As the Arkansas Supreme Court held in *Craven*, third parties are not protected by the exclusive remedy provision. The undisputed facts show that Johnson & Johnson is a third party, not Michael Bratcher's employer. That Michael Bratcher could (and did) receive Workers' Compensation benefits from his employer, the Polymer Group, does not exclude any remedy he may have against Johnson & Johnson. *Craven*, 2005 WL 852641. The affirmative defense asserted by Johnson & Johnson under the Act is inadequate as a matter of law, and summary judgment is granted to the Bratchers on that defense.

IT IS SO ORDERED this 10th day of February, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE