**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

MICHAEL BRATCHER and
MARY CAROLE BRATCHER — PLAINTIFFS

v. — No. 4:04CV00023 JLH

JOHNSON & JOHNSON; JOHN DOE I THRU X;
JOHNSON & JOHNSON BABY PRODUCTS CO.;
IDEAL TOOL COMPANY; PEERLESS METAL
FABRICATORS, INC.; and R B MACHINE TOOL
AND ENGINEERING, INC. — DEFENDANTS

ST. PAUL TRAVELERS INSURANCE COMPANY — INTERVENOR

**OPINION AND ORDER**

Plaintiffs have moved in limine to exclude, first, testimony that the Occupational Safety & Health Administration issued no citations pertaining to the dual rotor machine at issue in this case and, secondly, that there were other dual rotor machines with good records of safety.

On the first issue, the defendants cite Ark. Code Ann. § 16-116-105(a), which provides:

> Compliance by a manufacturer or supplier with any federal or state statute or administrative regulation existing at the time a product was manufactured and prescribing standards of design, inspection, testing, manufacture, labeling, warning, or instructions for use of a product shall be considered as evidence that the product is not in an unreasonably dangerous condition in regard to matters covered by these standards.

It is not clear from the record that any OSHA regulations were in effect in 1974 when the machine at issue was manufactured; nor has either party specified the content of any regulations that may have been in effect in 1974 or thereafter. Consequently, the Court cannot say whether or not any OSHA regulations would fall within the parameters of Ark. Code Ann. § 16-116-105(a).

Someone with personal knowledge of OSHA regulations and with expertise in applying those regulations to machines similar to the one at issue here might be able to offer testimony under

Rule 701 or Rule 702 of the Federal Rules of Evidence as to whether the machine at issue complied with applicable OSHA regulations. That opinion testimony might well be relevant under Rule 401 whether or not the regulation at issue would meet the specifications of Ark. Code Ann. § 16-116-105(a). Therefore, if the defendants propose to offer such a witness under Rule 701 or 702, the Court cannot at this stage rule in limine that the testimony of that witness would be inadmissible.

On the other hand, it appears from reading the motion and response that the defendants may wish to call employees of one or more of the manufacturing companies that owned the machine in question to have those employees testify that OSHA did not issue citations. The purpose of that testimony would be to show that OSHA inspectors did not believe that the machine in question violated OSHA regulations. Rule 801(c) defines *hearsay* as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(a)(2) defines *statement* to include "non-verbal conduct of a person, if it is intended by the person as an assertion." The proposed testimony from employees of the manufacturing plant would be hearsay as defined by Rule 801. That testimony would be to the effect that the silence of the OSHA inspectors, which is non-verbal conduct, was intended by the OSHA inspectors as an assertion that the machine in question complied with OSHA regulations. The person or persons making the assertion that the machine in question complied with the OSHA regulations would be the OSHA inspectors. They would have made that assertion (by non-verbal conduct) outside of trial, and they would not be present at trial for cross-examination. Their assertion (again through non-verbal conduct ) would be offered in evidence to prove the truth of the matter asserted, *i.e.*, to prove that the machine in question complied with OSHA regulations.

If the defendants can call at trial one or more OSHA inspectors who examined the machine and concluded that it complied with OSHA regulations, that testimony may be admissible; but

testimony from other persons that the OSHA inspectors did not issue citations will not be allowed. To the extent that the defendants intend to offer that testimony, the motion in limine is granted.

With respect to the second issue, the question is whether evidence of the safety record of other dual rotor machines is relevant evidence pursuant to Rule 401. Rule 401 provides that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." If the other dual rotor machines are similar to the machine at issue in relevant respects, the safety records of those machines would have some tendency to make it more or less probable that the machine at issue was or was not unreasonably dangerous. The record does not disclose the extent of the similarity of the other dual rotor machines to the one at issue. Therefore, the motion in limine on that issue is denied at this time.

**CONCLUSION**

Plaintiffs' motion in limine is GRANTED IN PART and DENIED IN PART. Document #181. Defendants will not be permitted to call employees of the manufacturing plant to testify that the OSHA inspectors did not issue citations regarding the machine at issue. However, this ruling would not exclude the testimony of an OSHA inspector who examined the machine at issue and concluded that it complied with OSHA regulations. The motion in limine is denied with respect to the safety record of other dual rotor machines.

IT IS SO ORDERED this 11th day of January, 2007.

J. Leon Holmes

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE